Curia, per Evans, J.
The plaintiff being in posses *144 sion of the land, had a right to retain it against all the •world but the legal owner; and to justify the defendants in the trespass which they committed, it was necessary they should have proved the land belonged to them, or some of them, or to some one by whose authority they entered. It is very clear they made out no such title, and, therefore, the plaintiff had a right to recover, independent of the title which he derived through the sheriff’s sale, under Barnet Livingston’s possession. So that even if there had been error in admitting the parol evidence of the sheriff’s deed, there would be no ground for a new trial; but, as I shall shew hereafter, there was no error in this.
But the defendants allege, in their first ground, that legal evidence was excluded. Is this so 1 What are the facts ? The land was granted to Holsten, and they proposed to prove, by parol, that Holsten had conveyed to Gunter, under some of whose heirs the defendants set up a title in D. Quattlebum, without any proof of the loss of the deed. This is held to be necessary, even where the deed has been recorded: and in Hill vs. Hill, 2 Hill, 542, it was decided, that in the case of a lost deed, not recorded, the subscribing witness ought to be produced. But in this case there was no proof of loss ; and without such proof, no evidence of the contents of a deed is admissible. But the defendants allege that. Gunter was in possession for twenty years, and that the evidence was admissible to confirm the presumption of a deed from Holsten to Gunter, arising from the long possession of the latter. To this there are two objections; the first is, that his possession was on an entirely different part of the Holsten grant. They have shewn no color of title in Gunter, nor any thing which would extend his possession, by construction, over the whole grant. Indeed, his possession could not be so extended, because the land in dispute was in the actual occupancy of Barnet Livingston, who was not holding under Gunter, but, so far as appears, in hostility to him. 2d. That, although a party may strengthen the presumption of a grant or deed arising from an occupancy of twenty years, by proof of other facts, which go to confirm it, as is said in Howell vs. House, 2 Mill, 80, these confirmatory *145 facts, I presume, must be proved according- to the rules of evidence; and these rules exclude parol evidence of the contents of a deed, until evidence of loss has been first given.
The 3d. ground relates to the evidence as to the sheriff’s deed. I have already said that the defendants having failed to support their plea of liberum tenementum, the plaintiff was under no necessity to go into evidence of any title to himself. But I am entirely satisfied with the correctness of the circuit decision. There is no doubt about the rule that parol evidence of the contents of a deed, in the possession of the adverse party, cannot be received, without reasonable notice to produce it. But what is reasonable notice must depend on circumstances. The reasons for requiring notice before the trial, do not apply when the deed is present in the party’s possession, and can be produced instanter. In this case, the Judge was satisfied the deed was in court, and that it was so, was not denied, either on the circuit or in this court. Under these circumstances, the notice to produce the deed was sufficient.
The only remaining question is, whether there was error in law in the refusal of the circuit court to allow the defendants, after the evidence was' closed, to withdraw their plea of liberum tenementum.
The right of a plaintiff to discontinue, or let fall his action, is fully recognized by our decisions; and for the same reason the defendant may withdraw his discount, because a discount is but a cross action; and this may be done at any time before verdict rendered. The right to alter or amend the pleadings, at any time before trial, has, in general, been allowed, with this restriction, that it shall work no prejudice to the adverse party. But after a case has gone to the jury, and evidence heard, such indulgence has never been allowed, that I know of. The effect would be to allow a party to shape his pleadings according to the evidence after he heard it. The defendant must elect on what ground he will put his defence, and will not be allowed, after the evidence is closed, to avoid the consequences of his plea by withdrawing it from the considera *146 tion of the jury. No authority was cited for such a pro» ceeding. It seems to me to be wrong in principle, and cannot be allowed. The motion is dismissed on all the grounds.
O’Neall, Butler, Wardlaw and Frost, JJ. concurred.
Richardson, J. I dissent, on the ground of the notice being insufficient.